UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDWARD A. BERMAN, on behalf of Himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | No.   08 C 324 |
| v. ) ) | Judge Der-Yeghiayan |
| 2110-12 SOUTH WABASH LLC, d/b/a Room 21, ) ) ) | Magistrate Judge Keys |
| Defendant. ) ) | |
| _____ ) ) | |
| 2110-12 South Wabash LLC, d/b/a Room 21, ) ) ) | |
| Third Party Plaintiff, ) ) | |
| v. ) ) | |
| Retail Control Solutions, Inc. ) ) | |
| Third Party Defendant. ) | |

## THIRD PARTY COMPLAINT

Third party plaintiff, 2110-12 South Wabash LLC, d/b/a Room 21, through its attorneys, alleges as follows in support of its third party complaint against third party defendant Retail Control Solutions, Inc:

PARTIES

1.     Third party plaintiff 2110-12 South Wabash LLC, d/b/a Room 21 ("Room 21") is a limited liability corporation organized under the laws of Illinois, and operates a restaurant in Chicago, Illinois.

2.	Third party defendant Retail Control Solutions, Inc ("RCS") is a corporation organized under the laws of Massachusetts, with a branch office in Illinois. RCS markets itself as a specialist in retail point of sale ("POS") products for restaurants. It advertises itself on its website as a complete source for touchscreen POS and computer automation solutions servicing restaurants, with "tremendous industry knowledge of the features that a point of sale system should provide." It offers the POSitouch POS system to the hospitality marketplace as an "elite" dealer. Among other things, RCS represents to the public that it completely assembles POS systems, loads all software, tests each function, oversees every aspect of the installation process and provides extensive training.

### JURISDICTION AND VENUE

3.	This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. section 1332 because there exists complete diversity of citizenship between the parties and the amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000.

4.	In addition, the Court has supplemental jurisdiction over the claims asserted herein pursuant to 28 U.S.C. section 1367(a) because these claims are so related to the federal claims against Room 21 asserted by Plaintiff Edward A. Berman and the putative class that they are part of the same case or controversy under Article III of the United States Constitution.

5.	Venue is proper in this district under 28 U.S.C. section 1391(b) and 1391(c) because a substantial part of the events or omissions giving rise to the claims at issue, including those alleged in the underlying complaint, arose in this district and the

equipment which gives rise to the claims in this action was installed and used in this district.

## COMMON FACTUAL ALLEGATIONS

6. On or about March 15, 2007, Room 21 and RCS entered into a sales contract for the purchase of the POSitouch POS system, including installation, set-up, testing and training, for use in Room 21's operation as a restaurant (attached hereto as exhibit 1). The contract was based on the proposals that had been made by RCS to Room 21 (attached hereto as exhibit 2). The delivery of the equipment and further information about the scope of services was reflected in various invoices and bills of sale provided by RCS to Room 21 (attached hereto as exhibit 3).

7. After the parties entered into the contract, RCS's representatives met with Room 21's General Manager to design, program, implement, set-up and test the POS system for use at Room 21.

8. Room 21 relied on RCS's expertise and tremendous knowledge of industry requirements and it reasonably expected that the POS system installed by RCS would comply with legal requirements necessary for the POS system to be used for its intended purpose.

9. At the time RCS set up its system at Room 21, the Fair and Accurate Credit Transaction Act ("FACTA") was in effect, including 15 U.S.C. section 1681c(g), which contains truncation requirements with respect to the receipts provided to credit card holders at the point of sale or transaction.

10. In light of its professed expertise, specialization and tremendous knowledge of industry requirements, RCS was, or should have been, familiar with FACTA's truncation requirements.

11. Room 21's General Manager was unaware of the FACTA truncation requirements during the relevant period.

12. Plaintiff Berman brought this action against Room 21 contending that he dined at the restaurant and received a receipt generated by the POS system installed by RCS that contained the expiration date of his credit card, allegedly in violation of FACTA.

13. The Plaintiff claims that he and the putative class suffered injury as a result based on an alleged invasion of privacy.

14. Room 21 has incurred and continues to incur fees and costs defending the claims asserted against it.

15. Prior to receiving the Plaintiff's claims, Room 21 was unaware that the receipts generated by the RCS system contained the expiration date of credit cards used by Room 21 customers.

16. RCS never advised Room 21 that the POS system it installed failed to properly redact expiration dates or failed to generate receipts that comply with FACTA.

17. To the extent that Room 21 printed credit card receipts that contained information prohibited by FACTA, it was due RCS's failure to properly install, set up and test the POS system and to train Room 21's staff.

COUNT I
(BREACH OF CONTRACT)

18.     Room 21 repeats and incorporates its allegations in paragraph 1-15 as paragraph 16.

19.     Under its contract with Room 21, RCS was obligated to install and setup the POS system in good working order and to adequately train Room 21's staff.  Based on its professed expertise and specialization and its tremendous knowledge of industry requirements, RCS was obligated to setup a system that generated receipts which complied with law, including FACTA.

20.     To the extent that Room 21 is found to have violated FACTA by failing to redact credit card expiration dates from customer receipts, it would be the direct result of RCS's failure to properly install, setup and test the POS system and its failure to adequately train Room 21's staff, in breach of its contract.  Any such failure by RCS was willful.

21.     RCS has asserted that it is not liable to Room 21, contending that the parties' contract contains an exculpatory clause.  To the extent the parties' contract purports to limit RCS's obligations or liability, including for willful violations of law, and to deny Room 21 a minimum adequate remedy, any such limitation is unenforceable and void as against public policy and is unconscionable.

22.     RCS thus breached its contract with Room 21, as a proximate result of RCS' breach, Room 21 has suffered damages, including the amounts for which it may be liable as a result of its alleged violations of FACTA, its attorneys' fees, expenses and costs, all in an amount to be proven at trial.

## COUNT II
### (NEGLIGENT BREACH OF WARRANTY)

23.    Room 21 repeats and incorporates its allegations in paragraph 1-22 as paragraph 23.

24.    RCS warranted that the POS system would be in good working order.

25.    To the extent that Room 21 is found to have violated FACTA by failing to redact credit card expiration dates from customer receipts, it would be the direct result of RCS's failure to properly install, setup and test the POS system and its failure to adequately train Room 21's staff, in breach of its warranty.  Any such failure by RCS was the result of its neglect and failure to meet its standard of care.

26.    The plaintiff alleges that he and the putative class have suffered personal injuries as a result of receiving receipts that contain information that is prohibited by FACTA, that were generated by the system sold and installed by RCS.

27.    RCS thus breached its warranty.  As a proximate result of RCS' breach, Room 21 has suffered damages, including the amounts for which it may be liable as a result of its alleged violations of FACTA, its attorneys' fees, expenses and costs, all in an amount to be proven at trial.

PRAYER FOR RELIEF

WHEREFORE, third party plaintiff prays for judgment against third party defendant as follows:

1. For damages, in an amount to be determined at trial,

2. For attorneys' fees and costs; and

3. For such other relief deemed to be just and appropriate.

Dated: March 14, 2008

                              2110-12 SOUTH WABASH LLC
                              d/b/a ROOM 21

                              By: /s/ Peter A. Silverman_____
                                      One of Its Attorneys

Peter A. Silverman (6196081)
Michael T. Graham (6280124)
Figliulo & Silverman, P.C.
10 South LaSalle Street, Suite 3600
Chicago, IL 60603
312.251.4600
312.251.4610/fax