IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDWARD A. BERMAN, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 08 C 324 ) ) Judge Der-Yeghiayan |
| v. | ) ) Magistrate Judge Keys |
| 2110-12 SOUTH WABASH LLC d/b/a Room 21, | ) ) ) ) |
| Defendant. | ) |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

Defendant, 2110-12 South Wabash LLC, d/b/a Room 21 ("Room 21"), through its attorneys, pursuant to Federal Rule of Civil Procedure 12(b)(1), hereby submits its Memorandum in Support of Its Motion to Dismiss the Complaint of Plaintiff Edward A. Berman ("Berman"), and states as follows:

Room 21 moves to dismiss Berman's Complaint for lack of subject matter jurisdiction on the grounds that there is no case or controversy between the parties. Berman has effectively rejected Room 21's Offer of Judgment for the entire amount in controversy, and as a result Berman's claim against Room 21 is now moot.

### Standard

The Court's subject matter jurisdiction over a case "should be resolved early but must be considered at any stage of the litigation." *United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). Although the Court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff[,]" *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995), the burden of proof "is

on the party asserting jurisdiction." *United Phosphorous*, 322 F.3d at 946. When considering a Rule 12(b)(1) motion, the Court may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel*, 66 F.3d at 897 (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)).

### Argument

Berman filed a two-count Complaint against Room 21 on or about January 15, 2008, in which Berman sought relief under the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C § 1681c(g)(1). A copy of the Complaint is attached hereto as Exhibit A. Berman alleged, *inter alia*, that Room 21 willfully violated FACTA by printing the expiration date of his credit card on a receipt. (Cmplt., ¶ 24). Under FACTA, a plaintiff may seek statutory damages for a defendant's willful violation of the statute, up to a maximum of $1,000, as well as costs and reasonable attorney's fees. See 15 U.S.C. § 1681n(a).

Room 21 sent Berman's counsel an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68 by messenger on March 13, 2008. The Offer of Judgment is attached hereto as Exhibit B; the messenger's log showing receipt of the Offer of Judgment on March 13 is attached hereto as Exhibit C. Room 21's Offer of Judgment offered to settle this case for $1,000 plus costs accrued and reasonable attorney's fees, which is the maximum amount Berman may recover to under FACTA. Berman did not accept Room 21's Offer of Judgment within 10 days (*i.e.*, by March 27), and the Offer is therefore deemed to be withdrawn. See Fed.R.Civ.P. 68.

Once a plaintiff has refused the defendant's offer for the entire amount of recoverable damages, the plaintiff's case becomes moot and the Court no longer has subject matter jurisdiction over the dispute. A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). As the Seventh Circuit has stated: "Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake." *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994) (quoting *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991)). As Berman's claim is now moot, the Court lacks subject matter jurisdiction and the case should be dismissed.

WHEREFORE, for the reasons stated above, Room 21 respectfully requests that this Court dismiss the Complaint of Plaintiff Edward A. Berman, with prejudice, for lack of subject matter jurisdiction, and grant such further relief as may be just and appropriate.

Dated: March 31, 2008

                Respectfully Submitted,

                **2110-12 SOUTH WABASH LLC**
                **d/b/a ROOM 21**

                By: /s/ Peter A. Silverman
                    One of Its Attorneys

Peter A. Silverman
Michael T. Graham
FIGLIULO & SILVERMAN, P.C.
10 South La Salle Street, Suite 3600
Chicago, Illinois 60603
Ph: 312-251-4600
Fax: 312-251-4610

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing:

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS THE COMPLAINT**

was caused to be served upon counsel listed below on March 31, 2008 via Electronic Notification by the District Court's ECF Filing System.

/s/ Peter A. Silverman

Counsel:

The following are those who are currently on the list to receive e-mail notices for this case.

- **P. Terrence Buehler**
  tbuehler@touhylaw.com
- **Jeffrey J. Halldin**
  jhalldin@touhylaw.com,srobinson@touhylaw.com