# Exhibit A

TG

**FILED**

**JANUARY 15, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

EDWARD A. BERMAN, on behalf of )
himself and all others similarly situated, )
)                Case No.
      Plaintiff,                          )
)                Judge
      v.                                  )
)
2110-12 SOUTH WABASH LLC d/b/a            )
Room 21,                                  )
)
      Defendant.                          )

**08 C 324**

**JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE KEYS**

## COMPLAINT

Plaintiff EDWARD A. BERMAN, by his attorneys, for his complaint against Defendant

2110-12 SOUTH WABASH LLC d/b/a Room 21 ("Room 21"), states as follows:

## INTRODUCTION

1.    This action is brought under the Fair Credit Reporting Act ("FCRA") as amended

by the Fair and Accurate Credit Transactions Act ("FACTA"). FACTA provides that "no person

that accepts credit cards or debit cards for the transaction of business shall print more than the

last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder

at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1). Defendant is violating FACTA

by printing receipts that include the expiration dates of its customers' credit and debit cards.

Plaintiff, on behalf of himself and all others similarly situated, seeks (a) an injunction prohibiting

Defendant from printing this information on its customers' receipts in the future and (b) statutory

damages for Defendant's violations to date.

## PARTIES

2.    Plaintiff EDWARD A. BERMAN is a resident of Chicago, Illinois.

3.     Defendant 2110-12 SOUTH WABASH LLC d/b/a Room 21 is a limited liability company organized under the laws of Illinois with its principle place of business, a restaurant, in Chicago, Illinois.

## JURISDICTION & VENUE

4.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p because the claims asserted herein arise under the Fair Credit Reporting Act as amended by the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c.

5.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the transactions alleged herein occurred here and because Defendant's principal place of business is located here.

## FACTUAL ALLEGATIONS

6.     Over the past several years, identity theft has become a growing concern for both consumers and businesses. In 1999, the Federal Trade Commission ("FTC") began collecting complaints of identity theft from consumers, but even after collecting over 600,000 complaints, it was unable to draw any firm conclusions about the problem in the general population. To get a better sense of the problem, the FTC commissioned a survey on identity theft in 2003. The results of the survey were astounding: nearly 10 million people in the year preceding the survey were victims of some form of identity theft which resulted in nearly $48 billion in losses to businesses and $5 billion in losses to individuals. The FTC also found that the incidence of identity theft had doubled each year in the two to three years preceding the survey.

7.     A common form of identity theft is accomplished by obtaining credit card information from lost or discarded receipts and using the information to engage in fraudulent credit transactions. Individuals using this form of identity theft are known as "dumpster divers."

2

8.    In response to the threat of dumpster diving, many states enacted laws prohibiting merchants from printing certain information on receipts such as credit card numbers and expiration dates, both of which are required to enter into credit transactions.

9.    In 2003, Congress addressed these same concerns by enacting the Fair and Accurate Credit Transactions Act ("FACTA"). FACTA amended the Fair Credit Reporting Act by prohibiting merchants from printing certain information on receipts.   Under FACTA's truncation provision, "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction."   15 U.S.C. § 1681c(g)(1).

10.    Recognizing that merchants may have to replace or reprogram their credit and debit card processing equipment, Congress created a phase-in period for FACTA's truncation requirement.  Under this provision, merchants were required to comply with FACTA:

(A) 3 years after December 4, 2003, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is in use before January 1, 2005; and

(B) 1 year after December 4, 2003, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is first put into use on or after January 1, 2005.

15 U.S.C. § 1681c(g)(3).  In other words, FACTA covers new equipment since January 1, 2005, and old equipment since December 4, 2006.

11.    After FACTA was enacted, its requirements were widely publicized among merchants accepting credit cards.  For example, Visa, MasterCard, the PCI Standards Council (a consortium founded by Visa, MasterCard, Discover, American Express and JCB) and companies selling credit card processing equipment informed their customers of FACTA and its truncation requirement.

3

12.    In addition, credit card companies such as Visa, MasterCard and American Express imposed truncation requirements similar to FACTA's on merchants accepting their cards as early as July 2003. By contract, card issuing organizations also required merchants to truncate credit info well before FACTA took effect.

13.    On information and belief, the vast majority of merchants accepting credit and debit cards replaced or programmed their equipment to comply with FACTA's truncation requirements.

14.    On September 27, 2007, Plaintiff dined at Defendant's restaurant and paid for his meal using a credit card. Plaintiff received a printed receipt from Defendant that included both the last four digits of his credit card number and the card's expiration date.

### CLASS ALLEGATIONS

15.    Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a class consisting of the following individuals (the "Class"):

> All persons to whom Room 21 provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring on or after January 1, 2005, which receipt displays (a) more than the last five digits of the person's credit card or debit card number or (b) the expiration date of the person's credit card or debit card.

16.    The Class is so numerous that joinder of all members is impracticable. On information and belief, the Class includes thousands of individuals. Although Plaintiff is presently unaware of the exact number of Class members or their identities, this information can be obtained in discovery.

17.    There are questions of law and fact common to the Class which questions predominate over any questions affecting only individual members. These questions include the following:

4

      a.     Whether Defendant's credit card equipment was programmed to print more than the last five digits of its customers' credit card numbers or the expiration date;

      b.     If so, whether Defendant's conduct violated FACTA;

      c.     If so, whether Defendant's conduct was willful;

      d.     If so, the appropriate measure of statutory damages; and

      c.     If so, the appropriate measure (if any) of punitive damages.

18.     Plaintiff's claims are typical of the claims of the Class. Plaintiff suffered similar injuries as those suffered by other members of the Class as a result of Defendant's failure to comply with FACTA.

19.     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests that conflict with the interests of the Class, and Plaintiff has retained counsel experienced in class action litigation.

20.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## COUNT I
### Violation of the Fair Credit Reporting Act
### 15 U.S.C. § 1681c(g)

21.     Plaintiff repeats and re-alleges each and every allegation above as though fully set forth herein.

22.     The Fair Credit Reporting Act as amended by the Fair and Accurate Credit Transactions Act provides as follows:

> [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g)(1).

23.     Defendant accepts credit cards and debit cards for the transaction of business.

5

24.    Defendant violated FACTA by printing the expiration date of Plaintiff's credit card upon the receipt it provided to Plaintiff at the point of the sale or transaction.

25.    In light of the information supplied by credit card companies and organizations, as well as any contractual obligations imposed on Defendant, Defendant's failure to comply with FACTA's truncation requirement was willful.

26.    Because Defendant willfully violated FACTA, it is liable for statutory damages in the amount of $100 to $1,000 per violation, punitive damages, attorney's fees and costs.

**COUNT II**
**Injunctive Relief**

27.    Plaintiff repeats and re-alleges each and every allegation above as though fully set forth herein.

28.    Plaintiff seeks a preliminary and permanent injunction prohibiting Defendant from printing receipts that include (a) more than the last five digits of its customers' credit card or debit card number and (b) the expiration date of its customers' credit card or debit card.

29.    Plaintiff will likely succeed on the merits of this action because Defendant printed a receipt that plainly violates FACTA's truncation requirement. Even if there is a dispute as to the willfulness of Defendant's conduct, there can be no dispute that Defendant is violating FACTA by printing prohibited information on its customers' receipts.

30.    Plaintiff and the Class have no adequate remedy at law and will be irreparably harmed if Defendant is allowed to continue violating FACTA's truncation requirement. In the event that an identity thief acquires credit information from a receipt printed by Defendant and uses it to enter into a fraudulent credit transaction, Plaintiff and the Class could suffer any number of credit problems and would likely spend several hours sorting them out.

6

31.     Defendant will suffer no harm if the injunction is entered. All Defendant must do is reprogram its credit card equipment so that it no longer prints information prohibited by FACTA. Moreover, by bringing its equipment into compliance, Defendant will no longer be exposed to liability for actual damages if any of its customer's credit information is stolen or for statutory damages under FACTA.

32.     The public interest weighs in favor of granting the injunction. FACTA was designed to address identity theft that costs consumers and businesses billions of dollars and countless hours of headaches each year. Given the costs of identity theft that FACTA addresses, the public will be well-served if Defendant is enjoined from continuing to violate FACTA's truncation requirements.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff EDWARD A. BERMAN, prays that this Court enter a judgment in favor of him and the class, and against Defendant 2110-12 SOUTH WABASH LLC d/b/a Room 21, as follows:

a.     Certifying a Class as defined herein, appointing Plaintiff as Class Representative and appointing Plaintiff's attorneys as Class Counsel;

b.     Enjoining Defendant from printing receipts that include more than the last five digits of its customers' credit card or debit card number and the expiration date of its customers' credit card or debit card;

c.     Awarding statutory damages of $100 to $1,000 for each of Defendant's violations;

d.     Awarding punitive damages;

e.     Awarding attorneys' fees and costs; and

      f.    Awarding such other further relief as the Court deems just.

Dated: January 14, 2008            Respectfully submitted,

                             EDWARD A. BERMAN, on behalf of himself and
                             all others similarly situated, Plaintiff

                           By:    /s/ Jeffrey J. Halldin
                                 One of His Attorneys

Terrance Buehler
Jeffrey J. Halldin
BUEHLER & WILLIAMS
161 North Clark Street
Suite 2210
Chicago, Illinois 60601
(312) 372-2209

8