**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| EDWARD A. BERMAN, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No.  08 C 324 |
| v. ) ) | Judge Der-Yeghiayan |
| 2110-12 SOUTH WABASH LLC d/b/a Room 21, ) ) ) ) | Magistrate Judge Keys |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

It is true that a plaintiff's case becomes moot if a defendant offers to satisfy the plaintiff's "entire demand" and "there is no dispute over which to litigate." *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994).  But Room 21 did not offer to allow a judgment on Berman's claims for injunctive relief or punitive damages.  The availability of injunctive relief is unclear in this circuit[1] but FACTA specifically authorizes punitive damages in appropriate cases.  15 U.S.C.A. § 1681n(a)(2).  It is possible that the Court will ultimately deny both injunctive relief and punitive damages but it is too early in this case to tell.

An offer of judgment moots a case or controversy only if the plaintiff's damages are "absolutely determinate" and the offer satisfies his or her entire demand; otherwise, the case proceeds subject to Rule 68's cost-shifting provision.  *Jones v. CBE Group, Inc.*, 215 F.R.D. 558, 562 (D. Minn. 2003).  In *Jones*, the plaintiff's damages were absolutely determinate because the Fair Debt Collection Practices Act capped individual statutory damages at $1,000 and class-wide

---

[1] Resolving a split among district courts, the Fifth Circuit held that injunctive relief is unavailable under the Fair Credit Reporting Act. *Washington v. CSC Credit Services*, 199 F.3d 263 (5th Cir. 2000).  The issue was later appealed to the Seventh Circuit but went unresolved because the court lacked jurisdiction to hear it.  *Albert v. Trans Union Corp.*, 346 F.3d 734 (7th Cir. 2003).

damages at the lesser of $500,000 or 1% of the debt collector's net worth. *Id.*; 15 U.S.C.A. § 1692k(a). There is no similar cap imposed by FACTA which specifically authorizes "such amount of punitive damages as the court may allow." 15 U.S.C.A. § 1681n(a)(2). Because injunctive relief and punitive damages may be available, Room 21's offer of judgment did not satisfy Berman's entire demand and there remains a dispute over which to litigate.

Also, most courts hold that a defendant cannot moot a class action by making an offer of judgment to the named plaintiff alone. *See*, Wright, Miller & Marcus, *Federal Practice & Procedure* § 3001.1 (2008) (finding that the "predominant rule" among district courts is that an offer of judgment cannot moot a putative class action); *Jenkins v. General Collection Co.*, 246 F.R.D. 600, 602 (D. Neb. 2007) (as long as the individual plaintiff has a stake in procuring class-wide relief, there is still a justiciable case or controversy); *Zeigenfuse v. Apex Asset Management, LLC*, 239 F.R.D. 401 (E.D. Pa. 2006) ("the defendant cannot circumvent Rule 23 by making a speedy offer of judgment either before class certification or before the filing of a motion for class certification").

In this circuit, it is clear that an offer of judgment does not moot a class action if the offer is made after a motion for class certification is filed. *Susman v. Lincoln American Corp.*, 587 F.2d 866, 870 (7th Cir. 1978). In *Susman*, the court reasoned that this result "is consistent with Article III, since in fact there will be no adjudication of the merits of the lawsuit unless there is first a determination that there are adversary parties and that the requirements of justiciability are present." *Id.* The court also aligned itself with the Fifth Circuit observing that "The notion that a defendant may short-circuit a class action by paying off class representatives either with their acquiescence or, as here, against their will deserves short shrift. . . . They may not terminate their duties by taking satisfaction; a cease-fire may not be pressed upon them by paying their claims."

*Id.* at 870-71 (quoting *Roper v. Consurve, Inc.*, 578 F.2d 1106 (5th Cir. 1978), *aff'd*, 445 U.S. 326 (1980)).

The Seventh Circuit also emphasized that claims of mootness must be evaluated in light of the idiosyncrasies of each individual case. *Id.* at 871. Since *Susman*, the court has held that an offer of comprise before class certification is sought mooted a case. *Holstein*, 29 F.3d 1145; *accord*, *Greisz v. Household Bank (Illinois), N.A.*, 176 F.3d 1012 (7th Cir. 1999).[2] The court has not directly considered, however, whether a defendant can unilaterally moot a class action by making an offer of judgment to the class representative before he or she has a reasonable opportunity to file a motion for class certification.

The Third Circuit recently addressed this issue and held that a defendant cannot "pick off" a class representative using an offer of judgment at the beginning of a putative class action. *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004). Based on the Supreme Court's decision in *Sosna v. Iowa*, 419 U.S. 393 (1975), the court held that class certification may relate back to the filing of the complaint under certain circumstances.[3] *Id.* at 346. Recognizing that the "relation back" doctrine is typically applied after a motion for class certification has been filed, the Third Circuit held that it applies with equal force before a motion is brought so long as it is not unduly delayed. *Id.* at 348. This, the court explained, allows the action to play out according to Rule 23's directives and permits due deliberation of the class certification issues. *Id.*

Like the Third Circuit, the Seventh Circuit holds that claims of mootness must be evaluated in light of the idiosyncrasies of each individual case, that claims are not mooted if

---

[2] In *Griesz*, the court did actually reach the issue because the offer of judgment was made only after the court refused to certify a class. *Greisz*, 176 F.3d at 1015.

[3] If a class is ultimately certified, the offer of judgment is extinguished because the "adverse party" is no longer the party to whom the offer was made. *McDowall v. Cogan*, 216 F.R.D. 46, 50 (E.D.N.Y. 2003).

pursued with "reasonable diligence," and that "class certification issues should be addressed by the district court prior to dismissals of the lawsuits." *Susman*, 587 F.2d at 870. Thus, the Seventh Circuit would likely adopt the Third Circuit's reasoning in *Weiss* and apply the relation back doctrine when an offer of judgment is made this early in a putative class action.

Because Room 21's offer of judgment did not satisfy Berman's entire demand or leave no dispute over which to litigate, the Court should deny its motion to dismiss.

Dated:  April 2, 2008                            Respectfully submitted,

                                                 EDWARD A. BERMAN, on behalf of himself and
                                                 all others similarly situated, Plaintiff


                                            By:  ___/s/ Jeffrey J. Halldin_____
                                                 BUEHLER & WILLIAMS
                                                 Attorney for Plaintiff
                                                 161 North Clark Street
                                                 Suite 2210
                                                 Chicago, Illinois 60601
                                                 Phone: (312) 372-2209
                                                 Fax:    (312) 456-3838
                                                 Email: jhalldin@touhylaw.com

## SERVICE OF DOCUMENTS BY ELECTRONIC MEANS

The undersigned hereby certifies that on April 2, 2008 he caused the foregoing document to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, by using its Electronic Case Filing System which will send a Notice of Electronic Filing to the following Filing Users:

**Peter A. Silverman**

**Michael T. Graham**

The undersigned also certifies that on the above date he caused the foregoing document to be mailed by United States Postal Service to the following non-Filing Users:

Not Applicable

   /s/   Jeffrey J. Halldin
BUEHLER & WILLIAMS
Attorney for Plaintiff
161 North Clark Street
Suite 2210
Chicago, Illinois 60601
Phone: (312) 372-2209
Fax:    (312) 456-3838
Email: jhalldin@touhylaw.com